# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMANDA MOON,

    Plaintiff,

v.

CASE NO.:
DIVISION:

BOB GUALTIERI, in his Official Capacity
as Sheriff of Pinellas County, Florida.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, AMANDA MOON, by and through her undersigned attorney, and hereby files this Complaint and Demand for Jury Trial against Defendant PINELLAS COUNTY SHERIFF'S OFFICE for violations of 42 U.S.C. § 1983, as well as state law, and in support thereof alleges the following:

## INTRODUCTION

Plaintiff AMANDA MOON was an inmate under the care and control of the Pinellas County Sheriff's Department, which is under the control of Defendant BOB GUALTIERI. During her incarceration, deputies working as correctional officers for Pinellas County Sheriff's Office used excessive force and subjected Plaintiff to physical injury. The deliberate conduct of Defendant's deputies caused Plaintiff to sustain severe and lasting injuries.

## PARTIES AND GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff AMANDA MOON a natural person and resident of Pinellas County, Florida, and was housed at the Pinellas County Jail.

2. At all times relevant to this action, Defendant BOB GUALTIERI (hereinafter referred to as "SHERIFF GUALTIERI"), in his official capacity, was and is the Sheriff of Pinellas County, Florida; SHERIFF GUALTIERI and his final policy decision makers were at all times relevant hereto responsible for the policies, customs, procedures, and official activities of the Pinellas County Sheriff's Office ("PCSO").

3. As sheriff, Defendant SHERIFF GUALTIERI was responsible for the development, promulgation, and implementation of policies, practices, and customs of the Pinellas County Jail, as well as the hiring, training, control, supervision, and discipline off its correction deputies and other personnel.

4. SHERIFF GUALTIERI, at all times material hereto as the duly appointed Sheriff of Pinellas County, Florida, was and is responsible in his official capacity for the injuries sustained by Plaintiff which give rise to this action.

5. At all times relevant to this action, the heretofore unnamed non-party individuals who inflicted the physical harm upon Plaintiff were employees of and working within the scope and course of their employment for PCSO; these individuals remain unnamed at the filing of this action as discovery is ongoing.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, the Eighth and Fourteenth Amendments to the United States Constitution, as well as applicable state law.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

8. This Court has supplemental jurisdiction to entertain claims arising under state law pursuant to 28 U.S.C. § 1367 and Local Rule 1.02(b)(4).

9. Proper venue lies in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this claim occurred in this district.

10. Plaintiff has filed a timely Notice of Claim pursuant to Fla. Stat. § 768.28 regarding Plaintiff's state tort claims against Defendant SHERIFF GUALTIERI and said Defendant has rejected the claim; there is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983. **See attached Exhibit A.**

## SUBSTANTIVE FACTS AND ALLEGATIONS

11. On or about March 16, 2019, Plaintiff AMANDA MOON suffered severe and lasting injuries after being subjected to excessive use of force by correctional officers employed by PCSO which is under the direct supervision and control of Defendant SHERIFF GUALTIERI.

12. On the above date, Plaintiff was arrested and placed into custody at the Pinellas County Jail located in Clearwater, Pinellas County, Florida.

13. While in custody, Plaintiff was under the control of correctional officers employed by PCSO.

14. While in custody, handcuffs were placed on Plaintiff in a dangerous fashion, as the cuffs were secured so tightly that Plaintiff's hands were caused to swell to the point that Plaintiff lost feeling in both hands.

15. Plaintiff was subsequently strapped to a chair by heretofore unnamed employees for PCSO before being transferred to a cell in the jail.

16. Once in a cell and while Plaintiff was still handcuffed, female correctional officers who were employed by PCSO, but have yet to be identified, pushed Plaintiff to the floor and battered Plaintiff by kneeing Plaintiff in the back.

17. Plaintiff suffered a dislocated shoulder and broken arm due to the excessive force used by the female correctional officers.

18. Following the incident, Plaintiff proceeded to complain about her injuries, but no assistance was provided to Plaintiff regarding her injuries.

19. Plaintiff's injuries were inflicted upon her by correctional officers working within the course and scope of their employment for PCSO, which is under the direct supervision and control of Defendant SHERIFF GUALTIERI.

20. As a result of the excessive force used by employees for Defendant SHERIFF GUALTIERI, Plaintiff suffered severe and lasting injuries.

21. All conditions precedent to the initiation or maintenance of this action have been performed by Plaintiff AMANDA MOON, or have occurred, or have been waived.

**COUNT I—Excessive Use of Force Pursuant to 42 U.S.C. § 1983 in Violation of the Eighth and Fourteenth Amendments**

22. Plaintiff AMANDA MOON repeats and re-alleges paragraphs one (1) through twenty-one (21) above as if fully set forth herein and further alleges:

23. This Count is brought pursuant to 42 U.S.C. § 1983 to redress violations of the Eighth and Fourteenth Amendments to the United States Constitution.

24. Plaintiff AMANADA MOON was unlawfully subjected to cruel and unusual punishment by employees for Defendant SHERIFF GUALTIERI through the intentional use of force when Plaintiff was battered in a jail cell and sustained severe and lasting injuries.

25. The use of force against Plaintiff by correctional officers employed and supervised by Defendant SHERIFF GUALTIERI was excessive, unjustified, and unnecessary.

26. The use of force by Defendant's employees was excessive because Plaintiff was confined to a jail cell, handcuffed and strapped to a chair, and therefore posed no threat to officers, other inmates, or herself.

27. The excessive use of force by Defendant SHERIFF GUALTIERI's correctional officers caused Plaintiff AMANDA MOON to suffer bodily injury and resulting pain and suffering, disfigurement, mental anguish, and loss of capacity for the enjoyment of life.

28. The excessive use of force by Defendant SHERIFF GUALTIERI'S correctional officers was objectively unreasonable given the totality of the circumstances.

29. This cause of action is brought by Plaintiff AMANDA MOON against Defendant SHERIFF GUALTIERI for the excessive use of force and cruel and unusual punishment under color of law that deprived Plaintiff AMANDA MOON of her constitutionally protected rights under the Eighth and Fourteenth Amendments to the United States Constitution.

30. Defendant SHERIFF GUALTIERI failed to prepare his deputies, particularly the unnamed deputies involved herein, on how to safely encounter, interact with, and confine inmates without implementing the use of excessive force; Defendant SHERIFF GUALTIERI knew encounters of this nature were likely and further knew he had a duty to exercise reasonable care in training his deputies concerning the confinement of inmates without causing severe injuries.

31. The prevalence and recurrence of excessive force incidents including PCSO deputies in the general public and, notably, in the jail systems, put Defendant SHERIFF GAULTIERI on notice that his deputies must be trained in proper methods of intervention without the use of excessive force.

32. The need to restrain from the use of excessive force, except in extreme instances, is so manifest and obvious that training each deputy employed by Defendant SHERIFF GUALTIERI is a condition precedent to successful and safe work by deputies for Defendant SHERIFF GUALTIERI; the incident described herein that bled to Plaintiff's severe and lasting injuries was in no way the type of extreme circumstance that would warrant the use of excessive force.

33. Defendant SHERIFF GUALTIERI either completely lacks a sufficient and adequate training program for his deputies to address these prevalent concerns or has deficient or nominal training in this area; as a result, Defendant SHERIFF GAULTIERI's deputies are not prepared to handle predictable and frequent physical encounters with inmates in the Pinellas County Jail.

34. By the failures set forth above, Defendant SHERIFF GUALTIERI acted with deliberate indifference to a known risk of constitutional deprivation to Plaintiff AMANDA MOON and other similarly situated citizens.

35. As a result of Defendant SHERIFF GUALTIERI's deliberate indifference to the risk of deprivation of Plaintiff AMANADA MOON's and other similarly situated citizens' constitutional liberty interests, Plaintiff suffered severe and lasting injuries and incurred resulting damages.

36. Plaintiff AMANADA MOON could not have reasonably discovered that Defendant SHERIFF GUALTIERI failed to provide adequate training in avoidance of excessive force because such knowledge was specifically held by officers and agents of Defendant SHERIFF GUALTIERI.

37. Despite its knowledge of prior instance of unconstitutional conduct, Defendant SHERIFF GUALTIERI failed to take remedial action; it was the policy of Defendant SHERIFF GUALTIERI to inadequately train, supervise, and discipline his deputies, specifically the heretofore unnamed deputies herein, regarding avoidance of the use of excessive force, thereby failing to adequately discourage further violations on the part of Defendant's deputies.

38. The wrongful policies, practices, customs, and/or usages complained of herein demonstrate a deliberate indifference on the part of Defendant SHERIFF GUALTIERI to the constitutional rights of Plaintiff AMANDA MOON and other similarly situated citizens, and this deliberate indifference is the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

39. As a direct and proximate result of the conduct of Defendant SHERIFF GUALTIERI, Plaintiff AMANDA MOON suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and/or the loss of ability to earn money; Plaintiff's losses are either permanent or continuing, and Plaintiff will likely suffer these losses in the future in violation of Plaintiff's rights.

WHEREFORE, Plaintiff AMANDA MOON hereby respectfully requests this Honorable Court award Plaintiff the damages defined herein, any and all other compensatory damages for injuries suffered by Plaintiff, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## DAMAGES

40. Plaintiff AMANDA MOON repeats and re-alleges paragraphs one (1) through thirty-nine (39) above as if fully set forth herein and further alleges:

41. As a direct and proximate result of the aforementioned acts and/or omissions committed by Defendant SHERIFF GUALTIERI, Plaintiff AMANDA MOON's constitutional rights were violated and Plaintiff suffered injuries and resulting damages; as such, Plaintiff seeks recovery from Defendant SHERIFF GUALTIERI for all damages to which Plaintiff may be entitled under both state and federal law for the injuries and damages sustained, including, but not limited to, the following:
    a. Physical pain and suffering of a past, present, and future nature;
    b. Emotional pain and suffering of a past, present, and future nature;
    c. Permanent impairment of a past, present, and future nature;
    d. Loss of enjoyment of life of a past, present, and future nature;
    e. Pre- and post-judgment interests for all 42 U.S.C. § 1983 claims;
    f. Post-judgment interests for any state law claim;
    g. Statutory and discretionary costs;
    h. Attorneys' fees where permitted by 42 U.S.C. § 1988 or state law;
    i. All such further relief, both general and specific, to which Plaintiff may be entitled under the circumstances detailed herein.
42. Plaintiff reserves the right to amend this Complaint to add parties and to include a claim for punitive damages once the proper procedures have been followed pursuant to Fla. Stat. § 768.72.

## **DEMAND FOR JURY TRIAL**

Plaintiff AMANDA MOON hereby demands trial by jury on all issues so triable. DATED this 21st day of April 2020.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the summons via process server on Sheriff Bob Gualtieri, Pinellas County Sheriff's Office, 10750 Ulmerton Road, Largo, FL 33779.

Respectfully submitted,

/s/ *Jeremy S. Clark*
JEREMY S. CLARK, ESQUIRE
Florida Bar No.: 0064753
Clark Law
10812 Gandy Blvd
St. Petersburg, Florida 33702
(727) 202-6917/(727) 202-6918 (fax)
Jeremy@tampabayfloridalawyers.com
Cari@tampabayfloridalawyers.com
Service@tmapabayfloridalawyers.com
Attorney for Plaintiff

Exhibit A

Jeremy Clark, Esq. – Partner
Jeremy@TampaBayFloridaLawyers.com

Cari Clark, Esquire – Partner
Cari@TampaBayFloridaLawyers.com

Daniel Hartpence, Esq.-Attorney
Daniel@TampaBayFloridaLawyers.com

Cory Powell, Esq.-Attorney
Cory@TampaBayFloridaLawyers.com



TampaBayFloridaLawyers.com
10812 Gandy Blvd.
St. Petersburg, Florida
Phone: 727.202.6917
Fax: 727.202.6918

April 3, 2019

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

**Pinellas County Sheriff's Office**
Office of the Sheriff
P.O. Drawer 2500
Largo, FL 33779-2500

    RE:    AMANDA MOON
              Date and Place of Birth: 10/23/1979; Los Angeles, CA
              SSN: 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

           vs.

           PINELLAS COUNTY SHERIFF'S OFFICE and
           COUNTY OF PINELLAS, FLORIDA

           **NOTICE OF INTENT TO FILE AN ACTION PROVIDED
           PURSUANT TO FLORIDA STATUTE 768.28(6)(a)**

To Whomever It May Concern:

Pursuant to Fla. Stat. § 768.28(6)(a), notice is hereby given of a claim and intent to file a civil action in the Circuit Court for Pinellas County, Florida, on behalf of Claimant Michael Stagnone to recover damages against the Pinellas County Sheriff's Office and the County of Pinellas, Florida.

Ms. Moon has been injured and damaged as a direct consequence of the negligent actions and/or inactions of the Pinellas County Sheriff's Office and/or the County of Pinellas, Florida. Ms. Moon suffered severe and lasting injuries as the result of the negligent actions of employees for the Pinellas County Sheriff's Office.

This incident occurred on March 16, 2019, when Ms. Moon was arrested and take into custody by employees of the Pinellas County Sheriff's Office. While being held in custody at the Pinellas County Jail, two female officers for the Pinellas County Sheriff's Office became violent with Ms. Moon and in an

RE: Amanda Moon vs. Pinellas County Sheriff's Office and the County of Pinellas, Florida
Date of Incident: March 16, 2019

2 | Page

act of excessive force inflicted severe and lasting injuries upon Ms. Moon, to include a broken arm. Ms. Moon now seeks redress for the injuries inflicted upon her by employees for the Pinellas County Sheriff's office, as well as all other damages Ms. Moon incurred as a result.

The Claimant is aware of no adjudicated penalties, fines, fees, victim restitution, or other judgments in excess of $200 imposed upon her by any civil, criminal, or administrative tribunal. Moreover, the Claimant does not owe the State of Florida or any of its agencies, officers, or subdivisions any prior adjudicated unpaid claims in excess of $200.

One hundred eighty (180) days from the date of this Notice, should this claim be unresolved, the Claimant will bring an action against the Pinellas County Sheriff's Office and the County of Pinellas, Florida, for the liability-creating conduct detailed herein and the damages due therefore. Nothing in this Notice should be interpreted or is intended as a waiver by the Claimant to at any time bring another claim or action to which the facts entitle her, against the Pinellas County Sheriff's Office, the County of Pinellas, Florida, or any individual or entity, as to any claim for which notice is unnecessary.

Upon receipt of this notice, please contact me so we can discuss this matter in its entirety. I look forward to reaching an amicable and prompt resolution to this matter. This Firm appreciates your time and consideration on this case.


Sincerely,



Jeremy Clark, Esq.
Clark Law
JC/cjp



# Sheriff Bob Gualtieri
## Pinellas County Sheriff's Office
*"Leading The Way For A Safer Pinellas"*

April 12, 2019

Jeremy Clark, Esquire
Clark Law
10812 Gandy Blvd.
St. Petersburg, FL 33702

RE:   Amanda Moon
      Date of Incident: March 16, 2019

Dear Mr. Clark:

We are in receipt of your letter dated April 3, 2019. I will review the matter and respond accordingly; however, this acknowledgment should not be deemed a waiver under §768.28, Florida Statutes.

Please direct all future correspondence to my attention.

Sincerely,

Anne F. McDonough
Senior Associate Counsel

AFM;rfr